# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**September 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **C.A. and R.A.-1**

**No. 16-0470** (Mercer County 14-JA-4-DS & 14-JA-5-DS)

## MEMORANDUM DECISION

Petitioner Father R.A.-2, by counsel John E. Williams Jr., appeals the Circuit Court of Mercer County's April 19, 2016, order terminating his parental, custodial, and guardianship rights to C.A. and R.A.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Raeann Osborne, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying his motion to extend his post-dispositional improvement period and in allowing the DHHR to fail to timely file a family case plan.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, the DHHR filed an abuse and neglect petition against the children's mother and her husband in the circuit court after allegations of abuse to the children arose in a proceeding in family court. The abuse and neglect petition did not contain any specific allegations against petitioner, however, as reflected in the circuit court's February 3, 2014, order following the preliminary hearing. Despite the lack of allegations against petitioner, he

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, we have distinguished them using numbers 1 and 2.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

nonetheless agreed to participate in random drug screens throughout the abuse and neglect proceedings, and the DHHR provided him with parenting education services.

In August of 2014, the DHHR filed an amended petition including allegations against petitioner for his failure to provide the children with a safe home. According to the DHHR, petitioner was living in the mother's home in spite of his awareness that the children could not return to the mother's custody due to child abuse and specific instruction that he needed to obtain a separate residence. The amended petition also alleged that petitioner tested positive for THC on two occasions. Ultimately, the DHHR alleged that petitioner neglected the children by "placing his wants over the needs of his children" and "failing to provide for the children's basic needs."

In October of 2014, the circuit court held an adjudicatory hearing. Shortly before the hearing, petitioner admitted to a Child Protective Services ("CPS") worker that he sold his prescription pills to obtain money and that if he needed pills himself he would later purchase them. Additionally, petitioner tested positive for Oxazepam and THC in August of 2014 and benzodiazepines in September of 2014. During the adjudicatory hearing, petitioner stipulated to neglecting the children and the circuit court granted petitioner a post-adjudicatory improvement period. The circuit court later extended this improvement period.

During a review hearing in February of 2015, the DHHR informed the circuit court that petitioner had not completed his substance abuse assessment or psychological evaluation, having twice rescheduled those appointments since the prior hearing. Moreover, petitioner failed to obtain a residence separate from the mother. Petitioner also tested positive for opiates during another drug screen. During a review hearing in May of 2015, the circuit court again extended petitioner's post-adjudicatory improvement period. Later, in anticipation of a review hearing scheduled for August of 2015, the DHHR filed a court summary that indicated petitioner had an intake appointment scheduled with the Raleigh Day Report Center for services to begin at their facility. The DHHR also indicated that petitioner failed additional drug screens. Further, although petitioner had been actively receiving services and attending multidisciplinary team ("MDT") meetings, the family case plan did not include petitioner specifically. As such, the DHHR filed an updated plan to include petitioner in September of 2015.

Also in September of 2015, the circuit court held a dispositional hearing, during which it granted petitioner a post-dispositional improvement period. The circuit court further ordered the DHHR to assist petitioner's admission to an intensive out-patient drug treatment program. According to the record on appeal, petitioner entered a treatment program in November of 2015. However, petitioner underwent surgery in January of 2016 and required daily nursing care as a result. Because the facility could not meet his needs, petitioner was asked to leave the treatment program. The record on appeal also reflects that petitioner was prescribed opiates as a result of this surgery, which further contributed to his being asked to leave the treatment program.

Thereafter, the DHHR filed a motion to terminate petitioner's parental rights upon the allegation that he habitually abused or was addicted to controlled substances such that he could not properly parent the children and that he failed to follow through with rehabilitative efforts to reduce the conditions of abuse and neglect in the home. Following a dispositional hearing, the circuit court entered an order denying petitioner's motion to extend his post-dispositional

improvement period and terminating his parental, custodial, and guardianship rights in April of 2016. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in permitting the DHHR to file an untimely family case plan which resulted in prejudice to him in the proceedings below. With regard to family case plans, this Court has stated that

"[t]he purpose of the family case plan as set out in W.Va. Code [§] 49-6D-3(a) [now W.Va. Code § 49-4-408(a)] . . . is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." Syl. Pt. 5, *State ex rel. Dep't of Human Services v. Cheryl M.*, 177 W. Va. 688, 356 S.E.2d 181 (1987).

Syl. Pt. 2, *In re Desarae M.*, 214 W.Va. 657, 591 S.E.2d 215 (2003). We have also stated that

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009).

While petitioner is correct that West Virginia Code § 49-4-408(a) requires that a family case plan be filed within sixty days of the child coming into foster care or thirty days of an improvement period's inception, the Court does not find reversible error on that issue under the

specific limited circumstances of this case. The record on appeal in this case is clear that petitioner participated in MDT meetings, which included the creation of a family case plan, before the DHHR revised the plan to include him. Moreover, the record shows that petitioner participated in services offered by the DHHR well before it revised the family case plan. Importantly, the record further shows that petitioner was aware of the underlying condition that needed correcting, namely his substance abuse, and the steps necessary to correct this issue. Specifically, the multiple court summaries the DHHR submitted below set forth what steps petitioner had taken between hearings to correct the conditions of abuse and neglect and addressed his level of participation. On appeal, petitioner does not allege that he was confused about what efforts he needed to undertake to achieve reunification with the children, and the record is clear that he was fully aware that he needed to correct his substance abuse in order to achieve that goal. As such, we cannot find that the Rules of Procedure for Child Abuse and Neglect Proceedings or the related statutes have been substantially disregarded or frustrated such that vacation is required. Therefore, we find no reversible error in this regard.

As to petitioner's assertion that the circuit court erred in denying his motion to extend his post-dispositional improvement period, we find no error. Pursuant to West Virginia Code § 49-4-610(6), a circuit court "may extend any improvement period . . . for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period[,]" among other requirements. On appeal to this Court, petitioner argues that he was entitled to an extension of his post-dispositional improvement period because he participated in visits with his children and parenting and adult life skills education. Petitioner further argues that he entered long-term rehabilitation and that his exit from that program was beyond his control, as it was predicated on his need for surgery. The Court, however, finds that the record does not support this argument.

In denying petitioner's request for an extension to his post-dispositional improvement period, the circuit court specifically found that petitioner "[had] not made sufficient progress" during his protracted improvement periods below, as evidenced by the fact that petitioner was "currently in no better shape to reunify with the[] children [than he was] two years ago." The circuit court further based this finding on petitioner's failure to obtain suitable housing or stabilize his relationship with the children's mother. As such, it is clear that the circuit court correctly found that petitioner had not substantially complied with his improvement period such that an extension of the same was warranted.

Moreover, we have held as follows:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that

the circuit court should have extended the abuse and neglect proceedings below to allow him time to recover from surgery. This argument ignores the fact that petitioner had already received over two years of services without showing sufficient improvement. Based on the foregoing, we find no error in the circuit court denying petitioner's motion to extend his post-dispositional improvement period in light of the extended nature of the proceedings and its finding that the children's best interest required termination of petitioner's parental, custodial, and guardianship rights.

For the foregoing reasons, we find no error in the circuit court's April 19, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: **September 19, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II